## THE STATE v. BRADLEY, *Appellant.*

Criminal Law : PRACTICE : CONTINUANCE. An application for a con-
tinuance by a defendant, in a criminal cause, on account of the
absence of a material witness, which is the first one made, and
which meets the requirements of Revised Statutes, section 1884,.
as to what such application should contain, should be granted,.
where the prosecuting attorney does not consent that the facts, set
out in the application, which defendant expected to prove by the
absent witness, may be taken as and for his testimony.

*Appeal from Greene Circuit Court.* — HON. W. F.
GEIGER, Judge.

REVERSED.

*J. M. Patterson* for appellant.

*B. G. Boone,* Attorney General, for the state.

NORTON, J.—Defendant was indicted in the Greene
county circuit court, at its November term, 1883, and
charged with assaulting and cutting one Petty with a
knife. He was arraigned at the May term, 1884, of said
court, and put upon his trial and convicted, and a fine
of one hundred dollars assessed as his punishment.
When the case was called for trial, defendant presented
the following application for continuance, which was
overruled, and the trial ordered to be proceeded with.
The application for continuance is in these words:
"Thomas Bradley, being sworn, states that he cannot
safely go to trial at this term of court for the want of
material testimony that is absent without his connivance,
consent, or approval, and that this application is not
made for vexation or delay, but for the purposes of jus-
tice, and that if a continuance be granted him he can, as

he verily believes, procure said testimony by the next term of this court. The name of the absent witness is Walter Billings, who has, up to within two months, lived in Greene county, near this affiant, at that time he moved into the city of Springfield, and affiant has been under the impression all the time that he still lived in said city. Affiant caused a subpœna to be issued for him a few days ago, and placed same in the hands of the sheriff of Greene county, and verily believed that the sheriff would find and serve him immediately with said subpœna, but on yesterday evening affiant was informed by the sheriff that he could not find said Walter Billings. That if the said witness was here he would testify as follows: 'My name is Walter Billings. I know Arch Petty and the defendant. That on or about the 8th of September, 1883, I was present at the barn of defendant when defendant and Petty had a difficulty. I was standing near them. They came walking through the barn; the defendant was whittling with his knife on a small stick; when they got near the front part of the barn, I learned from their conversation that they were quarrelling about a bill, Petty claiming that defendant owed him five dollars for removing a dead horse—defendant claiming that the contract price was two and one-half dollars. Petty got very angry and finally caught hold of defendant and threw him around against the side of the barn, and held him there with his left hand, which was on defendant's coat collar, or hold of his throat, and with his right hand he reached back to his hip pocket as though he was reaching for a pistol. Defendant had told Petty to let him go, and defendant then, with his knife that was still open, reached round and under and cut Petty on his right arm.' Affiant knows that said absent witness will so testify, because said witness has so informed affiant. Affiant knows of no witness that he can so well prove

the facts above set forth as he can by the said Billings, and that affiant believes said testimony to be true."

It has been the uniform ruling of this court that we will not interfere with the discretion of a trial judge in refusing a continuance, except in a case where it has either been arbitrarily or unsoundly exercised. That it was so exercised in this case is, we think, shown by the record. The application was the first one made, and comes up to the requirements of section 1884, Revised Statutes, as to what such applications should contain. Had the prosecuting attorney consented that the facts set out in the application, which defendant expected to prove by the absent witness, should be taken as and for the testimony of such witness, the court might have been justified, under section 1886, Revised Statutes, in overruling the application. It was overruled, however, without that having been done, and the defendant was thus deprived of most important and material evidence. In view of this, and the further fact disclosed by the record, that on the trial Petty, the prosecuting witness, and his brother, testified that the first assault was made by the defendant, which was contradicted by the evidence of defendant and another witness, who testified to the fact that Petty first assaulted defendant; caught and shoved him back against the side of the barn, and, while holding him, either by the coat collar or throat, with his left hand, and reaching behind with his right, defendant cut him; the evidence of the absent witness was of the highest importance to defendant, and in refusing to allow him time to procure it, the court committed error, for which the judgment is reversed and cause remanded. All concur.

SHERWOOD, J., CONCURRING.—I concur in reversing the judgment, but not in the remarks as to section 1886. On that point I still adhere to the views announced in my dissenting opinion in *State v. Jennings*, 81 Mo. 185.

The clear intimation in this case is, that this court is willing to extend the doctrine of that case even further than has heretofore been done.

BLACK, J., CONCURRING.—As to section 1886, I express no opinion, it not being necessary to a proper disposition of this case.